Francis K. Little, et al.
vs.　　　　　　　Law No.3459
William Hansen, alias.

April 6, 1926

WALSH, J. Heard on plaintiff's motion for a new trial after verdict for defendant.

Robbins C. Little, a boy then 12 years old, was killed by an automobile driven by defendant, May 11, 1923, on the Main Road opposite St. Mark's Episcopal Church in the Town of Middletown, Rhode Island. This is an action of the case for negligence brought by the father and mother of the deceased boy against the owner and driver of the machine which caused his death.

The boy was a student at Miss Weaver's School in Newport, R. I., and was on his way to Sunday school at St. Mark's when the fatality occurred. He had taken an electric car in Newport, the electric car had stopped at a white post opposite the church for the purpose of allowing the boy to alight, the boy had alighted and was proceeding across the highway in a westerly direction towards the church when he was struck and killed.

The electric car tracks are on the extreme easterly side of the highway separated from the macadam or tarvia of the regularly traveled highway by a narrow strip of gravel about one foot in width; the macadam part of the highway is eighteen feet in width; on the westerly side of the macadam and running parallel therewith is a dirt strip nine and one-half feet wide, and west of this dirt strip and running parallel therewith is a grassy bank or greensward twenty-six feet and ten inches wide to the stone wall bounding the easterly line of the church property. After the occurrence the body of the boy lay with its head at the edge of this grassy bank and its legs extending towards the stone wall above mentioned. The boy's head had been crushed by the overturning of the automobile at or about the edge of the grassy bank.

The motorman of the electric car testified that when he stopped at the white post to let the boy off, he looked and saw nothing coming along the road in either direction; that he opened the door for the boy; that the boy started across the road toward the church; that he closed the door, turned away and was preparing to start his car when he heard a yell, he looked around, saw defendant's automobile coming quite fast and making a noise as it came by the rear of his car; that the automobile when 15 to 20 feet and then tipped over.

Two other witnesses, passengers on the electric car, testified that they saw the boy walking directly across the street towards the church at about the middle of the road when they heard the brakes squealing and saw the defendant's automobile go by the car windows "full speed;" that the boy started to run towards the westerly side of the road and had only taken a step or two when he was struck; that when he was struck the boy was "way over" on the westerly side of the road. The witness Cooper testified that when the electric car stopped to allow the boy to alight, the defendant's automobile was at a gasoline station about 500 feet to the rear of the electric car.

Chief of Police William J. Deagon of Portsmouth and William H. Anthony, a substantial citizen of Portsmouth, testified that they arrived very shortly after the occurrence; that they saw the "drag marks" of the wheels in the road extending from the middle of the road upon a gradual slant to the westerly side of the road; that they measured the marks with a tape measure; that the marks extended 80 feet from where the overturned automobile lay towards Newport. Motorman Kelley corroborates them

as to the presence of the drag marks in the road.

All witnesses agree that the day was pleasant, the road was dry and straight for about 1000 feet at this point; that there were no other vehicles on the road at the time of the accident except the electric car and defendant's automobile.

As against this testimony, defendant was the only material witness. He testified he was driving a new Reo car; that he was familiar with its operation; that he saw the electric car stop when he was about 100 feet in the rear of it; that he saw the boy get off the car and walk to the middle of the street; that the boy then turned toward the oncoming automobile and zigzagged across the road; that he could not avoid striking the boy; that when he first saw the boy he applied both his foot brake and emergency brake but, for some unexplainable reason, the automobile kept right on going and did not stop; that he went over 75 feet after applying the brakes and turned first to right and then to left trying to avoid the boy before he struck him; that the boy was 75 feet away from him in the road when he first saw him.

Mrs. Hansen, the wife of defendant, who was in the automobile with him at the time, said she saw the boy get off the car and walk to the middle of the road but she thereupon became nervous and does not remember much thereafter. She does corroborate her husband to the extent of saying that he applied his brakes when the electric car first stopped.

Chief Deagon in rebuttal refutes defendant's story. He testified he talked with defendant immediately after the accident; that he made notes of what defendant said and he had the notes in court; that defendant made no claim that the boy zigzagged across the road at that time; that the defendant did say at that time that when the car stopped and the boy got off, the electric car was then 100 feet ahead of defendant, that the boy got off, stood for a while, looked towards his machine and then started to run across the road; that the defendant then put his brakes on and the rear end of his machine skidded around and turned over on its right side on the westerly side of the road. Chief Deagon also stated that the "drag marks" were straight and showed no such irregularities as turning to right and then to left would cause.

Peter Peterson, an expert automobile operator familiar with Reo cars, testified that this car at a speed of 25 miles per hour should have been stopped by the application of both brakes in not more than 25 feet; by the application of the foot brake alone.

From a careful perusal of the evidence in this case and giving full faith and credit to the testimony of the defence in its most favorable light, we are convinced that the jury did not respond truly to the merits of the controversy. The verdict of the jury does not administer substantial justice as between these parties and is against the evidence and the weight thereof.

George H. Marsh vs. George E. Boyden, 33 R. I. p. 519.

Rivas vs. Revere Rubber Company, 37 R. I. p. 226.

McMahon vs. R. I. Company, 32 R. I. 237.

Motion for new trial granted.

For plaintiff: Hinckley, Allen, Tillinghast & Phillips.

For defendant: F. F. Nolan.